UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

IN RE:                                           )        CASE NO. 14 - 11819
                                                 )
                                                 )        CHAPTER 13
Albert Lee Lewis                                 )
                        CHAPTER 13 PLAN

I.  The future earnings of debtor are submitted to the supervision and control of the trustee, and debtor shall pay to the trustee the sum of $1,250.00 per month for 40 months.

II. From the payments so received, the trustee shall make disbursements as follows:

1.  All allowed priority claims entitled to priority under 11 USC 507 shall be paid in full during the plan. All allowed administrative claims shall be paid in full. The debtors have paid $0.00 directly to their attorney prior to filing. The Trustee will pay said attorney $2,000.00 for a total of $2,000.00.

2.  After the above payments, secured creditors whose claims are duly proved and allowed shall be treated as follows:

    (i)   Wells Fargo has a security interest in debtor's house and will be paid according to the contract through the plan. Further, the allowed arrearage shall be paid through the plan with no interest. Upon completion of the plan, debtor shall resume payments according to the terms of the contract.

    (ii)  Allen County Treasurer has an interest in debtor's residence. Arrears will be paid at 8% interest. Ongoing taxes will be paid by the mortgage company as it is escrowed into the mortgage payment.

    (iii) Fort Financial has a security interest in Debtor's 2003 Dodge Durango and will be paid in full through the plan according to their allowed proof of claim of 5.0% interest from the date of confirmation. Upon completion of the plan, debtor will retain cars free and clear of any liens and creditor shall return title to debtor.

(iv) Greentree was secured at one time, but is stripped and voided as the value of Greentree's interest in the Debtor's residence is $0.00 because the house has a value of $82,000.00 and the balance owed on the first mortgage with Wells Fargo is at least $86,000.00. The secured status of Greentree's claim shall be, upon discharge, completely stripped away and void because: 1) the value of the house is less than owed on the first mortgage as of the effective date of the plan pursuant to 11USC§506(a), 2) as such there is no equity to secure Greentree's lien/second mortgage and therefore its lien is voided by 11 USC§506(d) and not protected from modification under 11 USC§1322(b)(2), and, finally pursuant to 11 USC§1327, the Debtor's residence shall vest in the Debtor free and clear of any claim or interest of Greentree. Legal description of the Debtor's residence: WILLOW BROOK SUBDIVISION LOT 15. More commonly known as 821 Lake Ridge Place, Fort Wayne, IN 46819.

3. Non-administrative priority claims shall be paid after administrative and secured claims have been paid in full.

4. All funds remaining after payments are made above shall be paid to unsecured creditors pro-rata pursuant to their allowed proof of claims.

III. **Debtor has no executory contracts.**

IV. All property shall remain property of the estate until dismissal or discharge. The debtor shall remain in possession of all property of the estate during the pendency of this case unless specifically provided herein [11 USC §1306(b)]. All secured creditors shall retain the liens securing their claims unless otherwise stated.

V. Debtor will turn over tax returns each year of the plan. Debtor will turn over any combined State and Federal tax refund over $500.00.

Dated: 07/15/14

*[signature]*
Albert Lee Lewis

Acceptance may be mailed to:

Christopher Schimke 27328-53
Glaser & Ebbs
132 E. Berry Street
Fort Wayne, IN 46802
Counsel For Debtor